UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRUNO CHIMA,<br><br>                Plaintiff,<br><br>    v.<br><br>KX TECHNOLOGIES LLC,<br><br>                Defendant. | Civil Action No.<br><br>Removed from Milford Superior Court, Docket No. AAN-CV21-6041679-S |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the defendant, **KX TECHNOLOGIES LLC (hereafter, "KXT" or "the Defendant"),** hereby gives notice of its removal from the Superior Court of the State of Connecticut, Judicial District of Ansonia-Milford, to this Court on the basis of federal question jurisdiction. In support of this Notice of Removal, KXT state as follows:

### PROCEDURAL BACKGROUND

1.      On or about January 29, 2021, the plaintiff, **BRUNO CHIMA**, commenced this action by service of process seeking damages.

2.      The Plaintiff filed a complaint with the Connecticut Superior Court on February 4, 2021 ("Initial Complaint") under the caption Bruno Chima v. KX Technologies LLC, Superior Court, Judicial District of Ansonia-Milford, Docket No. AAN-CV21-6041679-S.

{W3319294;2}                                                        1

3. The Initial Complaint was in three counts. The first count was titled "Discrimination on the Basis of Race and Color." The second count was titled "Intentional Infliction of Emotional Distress." The third count was titled "Negligent Infliction of Emotional Distress."

4. The Plaintiff was previously employed by KXT as a design engineer. His claims arise from KXT's alleged failure to permit him to work remotely. The Plaintiff alleged that KXT normally permitted white and/or Caucasian employees to work from home, but denied the Plaintiff permission to work from home because he is a black/African American man.

5. Count One of the Initial Complaint purported to state several different causes of action. The Plaintiff alleged that KXT (1) discriminated against him on the basis of race, (2) discriminated against him on the basis of color, (3) subjected him to a hostile work environment on the basis of race, (4) subjected him to a hostile work environment on the basis of color, and (5) retaliated against him. Each of these causes of action is statutory.

6. Under Connecticut's rules of practice, "[w]hen any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Practice Book §10-3(a). Plaintiffs are also required to assert individual causes of action in individual counts.

7. The Plaintiff failed to identify the statute(s) that he alleged KXT violated in Count One of the Initial Complaint. Rather, plaintiff only alleged that KXT "owed a duty to the plaintiff not to harass or discriminate, pursuant to Connecticut General Statutes § 46a-60 et seq., § 46a-58 et seq. and the Connecticut Fair Employment Practices Act" and plaintiff set forth the procedural history of his claims before the CHRO and EEOC. (See Complaint, dated January 25, 2021, ¶¶ 9, 10; see also Plaintiff's Objection to Motion for Non Suit ¶ 2, May 10, 2021

(explaining that the paragraph 10 of the complaint is simply a description of what happened at the administrative proceeding.))

8. KXT filed a Request to Revise the Initial Complaint on March 23, 2021, which is a procedural request to obtain clarity or further detail in an opposing party's pleading. KXT requested that the Plaintiff identify the statute(s) that the Plaintiff claims KXT violated and separate Count One into individual counts based on each alleged statutory violation. KXT's Request to Revise was granted by operation of law due to the Plaintiff's failure to timely object.

9. On April 23, 2021, the Plaintiff filed a revised complaint (the "First Revised Complaint"). The First Revised Complaint was in five counts. Count One was titled "Discrimination on the Basis of Race and Color." Count Two was titled "Discrimination on the Basis of Race and Color and Subjected [sic] the Plaintiff to Hostile Work Environment." Count Three was titled "Retaliation by the Defendant." Counts Four and Five were identical to Counts Two and Three of the Initial Complaint.

10. The First Revised Complaint did not comply with KXT's Request to Revise. Like the Initial Complaint, it did not identify the statute(s) plaintiff alleged KXT violated and the statutory counts continued to contain multiple causes of action in one.

11. KXT filed a Motion for Nonsuit due to the Plaintiff's failure to file a proper revised pleading.

12. On May 7, 2021, the Plaintiff filed another revised complaint (the "Second Revised Complaint"). The Second Revised Complaint also did not comply with KXT's Request to Revise. Among other things, it did not identify the statute(s) allegedly violated.

13. On May 21, 2021, the Plaintiff filed another revised complaint (the "Third Revised Complaint"). The Third Revised Complaint alleges violations of Title VII of the Civil Rights Acts of 1964, as amended 42 U.S.C. 20003 and the Civil Right Act of 1991 in the Second and Fourth Counts. This was the first time that the Plaintiff asserted a violation of federal law in any of his pleadings.

## JURISDICTION AND BASIS FOR REMOVAL

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Plaintiff alleged a violation of federal law in the Third Revised Complaint.

15. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

16. This matter was not removable per the Initial Complaint, the First Revised Complaint, or the Second Revised Complaint. Those pleadings contained no allegations that KXT violated federal law. In each of these pleadings, the Plaintiff alleged that he filed a charge of discrimination based upon race and color with the Connecticut Commission on Human Rights and Opportunities ("CHRO").

17. Further, the Plaintiff alleged that he received a Release of Jurisdiction from the CHRO in the Initial Complaint, the First Revised Complaint, and the Second Revised Complaint. This was attached to each of these pleadings. However, the Plaintiff has never alleged that he obtained a right-to-sue letter from the EEOC, and a copy of any such letter has never been attached to any pleadings.

18.     Counsel for the Plaintiff e-mailed a copy of the Third Revised Complaint to counsel for KXT on May 17, 2021, four days before filing the Third Revised Complaint on May 21, 2021.

19.     The Third Revised Complaint is the only pleading in this case that alleges violations of and seeks relief under federal law.  Therefore, this case was removable at the earliest on May 17, 2021.

19.     For all the foregoing reasons, this Court has jurisdiction over the Plaintiff's claims under 28 U.S.C. §1331.

20.     This Court has supplemental jurisdiction over the remaining six counts brought by the plaintiff against KXT arising under Connecticut Fair Employment Practices Act and Connecticut common law because those claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  For example, all of the plaintiff's claims arise out of his employment with, and separation from, KXT and include allegations of unfair treatment based on the plaintiff's race and/or color.

## COMPLIANCE WITH REMOVAL STATUTES

20.     This Notice of Removal is timely because it is being filed within the 30-day period set forth in 28 U.S.C. § 1446(b), given that the Third Revised Complaint was provided to KXT on May 17, 2021 and filed with the Connecticut Superior Court, Judicial District of Ansonia/Milford on May 21, 2021.

21. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, orders, and documents filed and served to date in the Connecticut Superior Court are attached hereto as <u>Exhibit A</u>.

22. Removal is appropriate to this Court because the Connecticut Superior Court, Judicial District of Ansonia-Milford, is located within the Federal District of Connecticut.

23. The undersigned hereby certifies that she will file a true and correct copy of this Notice of Removal with the Clerk of the Connecticut Superior Court, Judicial District of Ansonia-Milford, as required by 28 U.S.C. § 1446, and give notice of the same to the Plaintiff.

23. The Defendant reserves the right to amend or supplement this Notice of Removal. In filing this Notice of Removal, the Defendant does not waive any defenses or rights that may be available in this action.

DATED: June 14, 2021

The Defendant,

By:    */s/ Sarah S. Healey*
      Sarah S. Healey (ct27952)
      Douglas A. Balko (ct30483)
For:  Carmody Torrance Sandak & Hennessey
      50 Leavenworth Street
      Waterbury, CT 06721-1110
      Tel: (203) 573-1200
      Fax: (203) 575-2600
      shealey@carmodylaw.com
      dbalko@carmodylaw.com
      *Its Attorneys*

## CERTIFICATION

I hereby certify that a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing.

Ikechukwu Umeugo, Esq.
Umeugo & Associates, P.C.
620 Boston Post Road
West Haven, CT  06516
*Counsel for the Plaintiff*

      /s/ *Sarah S. Healey*
      Sarah S. Healey